Charles W. Daff, Bar No 76178
2107 N Broadway, Suite 301
Santa Ana, Ca. 92706
Telephone: 657-218-4800
Facsimile: 657-218-4858
Email:      charleswdaff@gmail.com

Attorney for Debtor

<div align="center">

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

</div>

| | |
|---|---|
| In re | ) Case No.: 8:17-bk-10477 CB |
| | ) |
| Nabil Awan Ibrahim Radwan | ) Chapter 13 |
| | ) |
| | ) **DEBTOR'S MOTION FOR ORDER TO** |
| Debtor. | ) **DISALLOW CLAIM AND** |
| | ) **DECLARATION IN SUPPORT THEREOF** |
| | ) **RE: FAY SERVICING, LLC/ US BANK** |
| | ) **NATIONAL ASSOCIATION** |
| | ) **CLAIM NO: 3** |
| | ) |
| | ) Date:   June 8, 2017 |
| | ) Time:  1:30 p.m. |
| | ) Ctrm:  5D |
| | ) Place: Ronald Reagan Courthouse, 411 W. |
| | Fourth St. 5th Floor, Santa Ana, Ca. 92701 |

**TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY
JUDGE; AND ALL INTERESTED PARTIES:**

Nabil Awan Ibrahim Radwan ("Debtor" )  moves the Court for an order sustaining the an

objection to the Proof of Claim described herein.   The Debtor's Objection is based upon the

attached Declaration of Nabil Radwan and the supporting documents attached to this motion.

## BACKGROUND INFORMATION

1. On February 9, 2017, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. Amrane Cohen is the duly appointed, qualified and acting Chapter 13 Trustee.

. 3. On February 23, 2017, the Debtor filed his Chapter 13 Plan to propose that the Debtor pay 100 per cent of allowed claims. The creditor, Fay Servicing LLC and US Bank National Association are treated as a Class 2 Creditor in the Chapter 13 Plan and proposed to be paid 100 per cent of the pre-petition arrearages. The debtor asserts in the Chapter 13 Plan that $67,000 is due as and for per-petition arrears.

4. On April 3, 2017, the creditor, Fay Servicing and US Bank National Association filed an Objection to Confirmation of Plan stating that the pre-petition arrears was in the amount of $101,316.00. The Objection was void of any admissible evidence to support this conclusion as to the amount of per-petition arrears due.

5. On April 14, 2017, the Debtor by his attorney pursuant to FRBP 3010 filed a Proof of Claim on behalf of Fay Servicing, LLC and US Bank National Association. A true and correct copy of the of the Proof of Claim Number 3 is attached as Exhibit A and incorporated by reference.

## DEBTOR'S OBJECTION TO CLAIM

CLAIMANT: FAY SERVICING, LLC    CLAIM NO: 3   AMOUNT :    $575,000.00

PRE-PETITION ARREARS:   $101,316.00

DATE FILED: APRIL 14, 2017

6. There is no supporting documentation attached to Claim No. 3 to support the claim or to assert that a right to payment is due from the Debtor to the Creditor. The Debtor asserts that when a claim is based on a writing, a copy of the writing shall be filed with the Proof of Claim as evidence for the debt owing to the Creditor.

7. Pursuant to the Declaration of Nabil Radwan the Proof of Claim does not support the allegations contained in the Objection to Confirmation of Chapter 13 Plan.

8. The Creditor has no basis in fact or law to allege that the Debtor owes a pre-petition arrearage of $101,316.00. The Proof of Claim, in fact, fails to factually support or even properly allege any grounds for liability against the Debtor.

## CONCLUSION

9. For the reasons stated herein, the Debtor objects to Claim No. 3 filed herein and requests that the Court sustain the Objection to disallow Claim No. 3 in its entirety and for such other relief that is just and proper.

Dated 5/5/17

_____
Charles W. Daff, Attorney for Debtor

1                             DECLARATION OF NABIL RADWAN

2       I, Nabil Radwan, declare:

3       1. I am the debtor in the chapter 13 case bearing case number 8:17-bk-10477 CB, filed

4 on February 9, 2017.   If called as a witness, I could and would competently testify from my

5 personal knowledge as to the facts contained herein.  This declaration is made in support of my

6 Objection to the Proof of Claim filed by my attorney on behalf  the secured creditor, Fay

7 Servicing LLC and US Bank National Association ("secured creditor")

8       2. The Deed of Trust recorded in the County Recorder's Office for the County of Orange,

9 State of California on March 10, 2005 as instrument number 2005000177927 is a secured lien on

10 my real property located at 27535 Almendra Street, Mission Viejo, California.  This is my

11 residence for myself and family.  A true and correct copy of the Deed of Trust is attached to the

12 Proof of Claim as Exhibit A and incorporated by reference.

13       3. On April 3, 2017, the secured creditor filed an Objection to Confirmation of Debtor's

14 Chapter 13 Plan of Reorganization as docket 23. ("Objection").   In the Objection on page 2 at

15 line 13 it states in pertinent part, "It is anticipated that Creditor's claim will show the pre-petition

16 arrearage due to Creditor in the amount of $101,316.60, whereas the Plan proposes to pay only

17 $67,000.00." The Objection is void of any admissible evidence to support the conclusion that the

18 pre-petition arrears due to the Creditor is in the amount of $101,316.60.  A true and correct copy

19 of the Objections is attached to the Proof of Claim as Exhibit B and incorporated by reference.

20       4. It is my request by this Objection to Proof of Claim Number 3 that the secured creditor

21 provide competent evidence as follows:

22       a. The chain of title, assignment, and/or transfer of the promissory note and deed of trust

23 to have the legal authority to assert the beneficial interest under the Deed of Trust.

24       b. The amortization schedule for payments, interest, late payments and all related charges

25 pursuant to the Promissory Note executed by me on March 4, 2005 to the present time of the

26 hearing on the Objection to Claim Number 3.

27

28

c.  The accounting and itemized statement for all escrow accounts maintained by any and all lenders from March 4, 2005 to the present time of the hearing on the Objection to Claim Number 3 as it pertains to this secured claim.

d.  A full and complete accounting for any and all pre-petition arrears for past due payments, interest, late charges, advances, foreclosure fees, trustee fees and any and all other charges asserted by the secured creditor as supported by competent evidence admissible to this court.

5.  A true and correct copy of Proof of Claim Number 3 is attached hereto as Exhibit A and incorporated by reference.

6.  It is my request that the Court consider my request for this full and complete accounting to pay all pre-petition arrears to the secured creditor as proposed in my Chapter 13 Plan.

I declare under the penalty that the foregoing is true and correct as executed on

May 5 2017 _____ at Santa Ana, California.

_____
Nabil Radwan

# EXHIBIT A

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Nabil Awan Ibrahim Radwan |
| Debtor 2 (Spouse if, filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:17-bk-10477 CB |

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | | | |
|---|---|---|---|
| 1. Who is the current creditor? | Fay Servicing  LLC | | |
| | Name of the current creditor (the person or entity to be paid for this claim) | | |
| | Other names the creditor used with the debtor | | |
| 2. Has this claim been acquired from someone else? | ☑ No ☐ Yes. From whom?   Loan Servicing Agent, Fay Servicing, LLC | | |
| 3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | | Where should payments to the creditor be sent? (if different) |
| | Fay Servicing  LLC 939 W North Ave., Suite 680 Chicago, IL 60642 | | FAY SERVICING PO BOX 88009 CHICAGO, IL 60680 |
| | Name, Number, Street, City, State & Zip Code | | Name, Number, Street, City, State & Zip Code |
| | Contact phone   800-495-7166 | | Contact phone |
| | Contact email | | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | | |
| 4. Does this claim amend one already filed? | ☑ No ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____ | |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No ☐ Yes. Who made the earlier filing? _____ | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___4702___

**7. How much is the claim?**
$ _____575,000_____  Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:

☑ Real Estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                $ _____939,380.00_____

Amount of claim that is secured:                $ _____575,000.00_____

Amount of claim that is unsecured:              $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $ _____101,316.00_____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition:    $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☐ Yes.   *Check all that apply:* | | |
|---|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

**Part 3:**     **Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:* |
|---|---|

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date      04/13/17
                      MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name          **Charles W. Daff 76178**

Title         Attorney for Debtor

Company       **Charles W Daff**
              Identify the corporate servicer as the company if the authorized agent is a servicer.
              **2107 N. Broadway**
              **Suite 308**
Address       **Santa Ana, CA 92706**
              Number, Street, City, State and Zip Code

Contact phone    **657-218-4800**      Email    **charleswdaff@gmail.com**

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

NABIL AWAN IBRAHIM RADWAN
8:17-bk-10477 CB
Attachment to Proof of Claim for Fay Servicing Inc.

    1. The debtor, Nabil Radwan, files a Proof of Claim on behalf of the secured creditor, US Bank National Association with Fay Servicing LLC acting as authorized loan servicing agent.

    2. The debtor files this Proof of Claim to cure and reinstate the Deed of Trust, recorded on March 10, 2005 in the Orange County Recorder's Office, State of California as instrument no: 2005000177927. A true and correct copy of said deed of trust is attached hereto as Exhibit A and incorporated by reference.

    3. The debtor files with this Proof of Claim the Objection to Confirmation of Debtor's Chapter 13 Plan of Reorganization ("Objection") filed on April 3, 2017 as docket # 23, by Fay Servicing, LLC.
This Objection states a total amount of pre-petition arrears estimated in the amount of $101,316.00 without a detailed accounting of past due payments, late charges, interest, foreclosure fees, attorney fees and all other related charges. A true and correct copy of the Objection is attached hereto as Exhibit B and incorporated by reference.

    4. The debtor files with the Proof of Claim correspondence from Fay Servicing, Inc., dated February 2, 2017, ("Letter") as it pertains to the loan modification program described therein. A true and correct copy of the Letter is attached hereto as Exhibit C and incorporated by reference.

    5. The debtor files this Proof of Claim for the express purpose to dispute the stated amount of arrears in the sum of $101,316.00 until and at such time that the creditor files a Proof of Claim and complete accounting of any and all escrow accounts and detailed account of any and all charges that constitute the arrears in the sum of $101,316.00.

# EXHIBIT A

# FIDELITY NATIONAL TITLE

**RECORDING REQUESTED BY:**
**WORLD SAVINGS BANK**

**WHEN RECORDED MAIL TO:**
**WORLD SAVINGS BANK**
**FINAL DOCUMENTATION**
**CLOSING DEPARTMENT**
**P.O. BOX 659548**
**SAN ANTONIO, TX 78265-9548**

**LOAN NUMBER: 0040160400**

**NOTE AMOUNT: $570,000.00**

Recorded In Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||    66.00

**2005000177927 08:00am 03/10/05**
119 8 D11 21

0.00 0.00 0.00 0.00 60.00 0.00 0.00 0.00

**FOR RECORDER'S USE ONLY**

### DEED OF TRUST

**THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED. THE SECURED NOTE PROVIDES FOR MONTHLY PAYMENTS OF PRINCIPAL AND INTEREST.**

**THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS $712,500.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.**

I.   **DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST**
     **(A)  Security Instrument.** This Deed of Trust, which is dated **March 4, 2005,** will be called the "Security Instrument."

     **(B)  Borrower.** NABIL RADWAN, A MARRIED MAN  sometimes will be called "Borrower" and sometimes simply "I" or "me."

     **(C)  Lender.** WORLD SAVINGS BANK, FSB,  ITS SUCCESSORS AND/OR ASSIGNEES, will be called "Lender." Lender is A FEDERAL SAVINGS BANK which is organized and exists under the laws of the United States. Lender's address is **1901 Harrison Street, Oakland, CA 94612 .**

SD001A (2004-03-1)                    DEED OF TRUST-ADJUSTABLE                    CA
                                              Page 1

0 0 3
**LENDER'S USE ONLY**

0040160400

**(D)  Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. **$570,000.00** ("Note Amount"), plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay this debt in full by **March 15, 2036.**

**(E)  Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

**(F)  Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

**(G)  Person.** Any person, organization, governmental authority or other party will be called "Person."

**(H)  Trustor, Beneficiary, Trustee.** Borrower is the "Trustor," Lender is the "Beneficiary" and **Golden West Savings Association Service Co., A California Corporation is the "Trustee."**

II.  **BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY**

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust. I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to:

(i)  pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)  pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)  keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender.

III.  **DESCRIPTION OF THE PROPERTY**

I give Trustee rights in the Property described below:

(i)  The property which is located at **27535 ALMENDRA STREET, MISSION VIEJO, CA 92691-1703.** The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property."

(ii)  All buildings and other improvements that are located on the Described Property;

0040160400

(iii)    All rights in other property that I have as owner of the Described Property. These rights are known as easements, rights and appurtenances attached to the Property;

(iv)    All rents or royalties and other income from the Described Property;

(v)    All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property;

(vi)    All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

(vii)    All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section;

(viii)    All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future;

(ix)    All replacements of or additions to the property described in subsections (ii) through (viii) of this Section; and

(x)    All of the amounts that I pay to Lender under Paragraph 2 below.

## IV.    BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (i) I lawfully own the Property; (ii) I have the right to grant and convey the Property to Trustee; and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and the Trustee has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## COVENANTS

I promise and I agree with Lender as follows:

## 1.    BORROWER'S PROMISE TO PAY

I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes.

## 2.    PAYMENTS FOR TAXES AND INSURANCE

### (A)    Borrower's Obligations

I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any).

0040160400

**(B)    Escrow Accounts**

      Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; and (e) yearly mortgage insurance premiums, if any. These items are called "Escrow items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law.

      The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds. Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

      If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA.

      Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender. If, under Paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

0040160400

### 3.    APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes;

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes.

### 4.    BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a lien. I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5.    BORROWER'S OBLIGATION TO MAINTAIN INSURANCE

At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgagee Clause** to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

0040160400

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds.

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "Proceeds." Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows: (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds. Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any Proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law.

6.    **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS**

I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations. I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws. I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property. I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

0040160400

## 7.    LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

## 8.    LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

## 9.    AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY

I assign to Lender all my rights: (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property; and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other government taking of the Property. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

0040160400

10.    **CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS**

(A)    **Borrower's Obligations**
Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the payments of principal and interest due under the Secured Notes or under this Security Instrument. Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument.

Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so.

(B)    **Lender's Rights**
Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 28 below to demand that I make immediate payment in full of the amounts that I owe to Lender under the Secured Notes and under this Security Instrument.

11.    **OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Except as provided below, if more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured.

Any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent.

Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

12.    **MAXIMUM LOAN CHARGES**

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Secured Notes or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes.

0040160400

**13. LEGISLATION AFFECTING LENDER'S RIGHTS**

If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument.

**14. NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT**

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at **27535 ALMENDRA STREET, MISSION VIEJO, CA 92691-1703.** A notice will be given to me at an alternative address if I give Lender notice of my alternative address. I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes. Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I.(C) above entitled, "Definitions of Words Used in This Deed of Trust," unless Lender gives me notice of a different address. Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

**15. GOVERNING LAW; SEVERABILITY**

This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions, ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located. In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

**16. BORROWER'S COPY**

I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument.

**17. LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY**

If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter upon and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change rental agreements and leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so.

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that: (A) my right to occupy the Property ceases at the time the Property is sold; (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property; and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction. All rental payments collected by

0040160400

Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds.

18.   **INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS**
An assignment is a transfer of rights to another. I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument. These rights to bring legal action may include an action for breach of contract, fraud, concealment of a material fact or for intentional or negligent acts. I assign these rights, and any proceeds arising from these rights, as permitted by applicable law, to Lender. Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to any amount that I may owe to Lender under the Note and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment.

19.   **CLERICAL ERRORS**
In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error.

20.   **LOST, STOLEN OR MUTILATED DOCUMENTS**
If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

21.   **WAIVER OF STATUTE OF LIMITATIONS**
I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes.

22.   **CAPTIONS**
The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument.

23.   **MODIFICATION**
This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

24.   **CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS**
If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that:

(A)   If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest.

0040160400

**(B)**     The following are called the "Constituent Documents:" (i) The declaration or any other
document which created the Project; (ii) By-laws of the Owners Association; (iii) Code of regulations for the
Project; (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners
Association; (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents.

I shall perform all of my obligations under the Constituent Documents, including my
obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due,
Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this
Paragraph 24 according to the terms described in Paragraph 7 above.

**(C)**     If the Owners Association maintains, with an insurance company reasonably acceptable to
Lender, a **master** or **blanket** policy on the Project which is satisfactory to Lender and which provides
insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires,
including fire and hazards included within the term "extended coverage," and Lender is provided with
evidence of such master or blanket policy, then: (i) Lender waives the provision in Paragraph 2(B) above for
the payment to Lender of the estimated yearly premium installments for hazard insurance on the Property;
and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be
satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give
Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such
master or blanket policy to Lender annually.

In the event of a distribution of any hazard insurance proceeds, including without limitation
any earthquake or special hazards insurance whether or not such coverage was required by Lender, in lieu
of restoration or repair following a loss to the Property, whether to the unit or to common elements, any
proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums
Secured by this Security Instrument, with any excess paid to me.

I shall take such actions as may be reasonable to insure that the Owners Association
maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

**(D)**     I shall not, except after notice to Lender and with Lender's prior written consent, either
partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for
abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in
the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision
of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally; (iii)
termination of professional management and assumption of self-management of the Owners Association; or
(iv) any action which would have the effect of rendering the master or blanket hazard insurance policy and/or
the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**25.    FUTURE ADVANCES**
At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full
reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to
Borrower. Such future advances, with interest, will then be additional Sums Secured under this Security
Instrument.

0040160400

**26.   AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

**Acceleration of Payment of Sums Secured.** Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)   Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)   Lender approves the creditworthiness of the transferee in writing;

(iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)   an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)   the transferee executes an assumption agreement which is satisfactory to Lender. Such assumption agreement may provide, if required by Lender, that the transferee open a deposit account with Lender or with a bank or other depository institution approved by Lender, to facilitate direct payments if direct payments are required in the Note.

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

**27.   SUBSTITUTION OF TRUSTEE**
I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee.

0040160400

**28.   RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY**

It will be called a "Breach of Duty" if (i) I do not pay the full amount of each payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

If there is a Breach of Duty by me, Lender may take action to have the Property sold under any applicable law.

Lender does not have to give me notice of a Breach of Duty. If Lender does not make a demand for full payment upon a Breach of Duty, Lender may make a demand for full payment upon any other Breach of Duty.

If there is a Breach of Duty, Lender may also take action to have a receiver appointed to collect rents from any tenants on the Property and to manage the Property. The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

The sale of the Property may be postponed by or at the direction of Lender. If the Property is sold, I agree that it may be sold in one parcel. I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property.

Lender will apply the proceeds from the sale of the Property in the following order: (A) to all fees, expenses and costs incurred in connection with the sale, including trustees' and attorneys' fees, if any; (B) to all Sums Secured by this Security Instrument; and (C) any excess to the Person or Persons legally entitled to it.

**29.   RECONVEYANCE**

Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to Borrower. Lender may charge Borrower a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (including the Trustee) for services rendered and the charging of the fee is permitted, whether expressly or by lack of express prohibition, under applicable law. If the fee charged does not exceed any maximum fee set by applicable law, the fee is conclusively presumed to be reasonable.

**30.   STATEMENT OF OBLIGATION**

Lender may collect a fee of $60.00, or such greater maximum amount as may from time to time be allowed by law, for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes.

0040160400

**31.    ( X )   QUICK QUALIFYING LOAN PROGRAM**

I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly. This loan is called a "Quick Qualifying Loan." I have stated and I confirm that: (A) I do not have any other Quick Qualifying Loans with Lender; (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument; and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes.

**32.    ( X )   OWNER OCCUPANCY**

Lender has relied upon statements of fact which I have made to qualify for this loan. I have stated and confirm that: (A) the Property is my personal and primary residence; (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded; and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes.

**( X )   VALUE INDICATES THAT THE PARAGRAPH APPLIES.**

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**

0040160400

**BY SIGNING BELOW,** I accept and agree to the promises and agreements contained in this Security Instrument and in any rider(s) signed by me and recorded in proper official records.

**(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)**

**BORROWER(S):**

_________________________ (Seal)
NABIL RADWAN

_________________________ (Seal)
EMAN RADWAN

**ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT**

# ALL-PURPOSE ACKNOWLEDGEMENT

State of California

County of _Orange_ } ss.

On _March 4 2005_ before me, _M. Ensley_ ,
(DATE)                    (NOTARY)

personally appeared _Nabil Radwan + Eman Radwan_
(SIGNER(S))

☐ personally known to me    - OR -    ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

M. ENSLEY
Comm. # 1354475
NOTARY PUBLIC - CALIFORNIA
Orange County
My Comm. Expires April 30, 2008

WITNESS my hand and official seal.

_____
NOTARY'S SIGNATURE

━━━━━ • OPTIONAL INFORMATION • ━━━━━

The information below is not required by law. However, it could prevent fraudulent attachment of this acknowledgement to an unauthorized document.

## CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
TITLE(S)

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____
_____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)
_____
_____

## DESCRIPTION OF ATTACHED DOCUMENT

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT THUMBPRINT
OF
SIGNER

Top of thumbprint here

APA 5/99                    VALLEY-SIERRA, 800-362-3369

0040160400

**BORROWER(S)' SPOUSE(S):** The undersigned hereby joins in this Security Instrument for the sole purpose of subordinating, conveying and/or waiving any current or potential interest in the Property. By signing below, the undersigned subordinates, conveys and/or waives any and all rights, interest or claim in the Property, including, but not limited to, homestead, marital or joint-occupancy rights. No personal liability under the Note is hereby incurred by the undersigned joining spouse.

**[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]**

**YOU MAY, WITHIN 3 DAYS AFTER CLOSING, RESCIND THIS EXTENSION OF CREDIT WITHOUT PENALTY OR CHARGE.**

**(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)**

**BORROWER(S)' SPOUSE(S):**

_____    (Seal)

EMAN RADWAN

**ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT**

**WORLD SAVINGS BANK, FSB**

# E X H I B I T "A"

## LEGAL DESCRIPTION

### LOAN NO. 0040160400

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF **ORANGE** STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

**TAPE <u>ONLY</u> THE LEGAL DESCRIPTION TO THIS PAGE.**

Order No. 30112350

# EXHIBIT "~~ONE~~" A

**PARCEL 1:**

Lot 42, Tract 9306, in the City of Mission Viejo, County of Orange, State of California, as per map recorded in Book 394, Page 28 to 31 of Miscellaneous Maps, in the office of the County Recorder of said County.

EXCEPT THEREFROM all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in instruments of record.

ALSO EXCEPT THEREFROM all water and subsurface water rights, without the right of surface entry, below a depth of 500 feet, as dedicated or reserved in instruments of record.

**PARCEL 2:**

Non-exclusive easements for access, ingress, egress, maintenance, repair, drainage, encroachment, support and for other purposes, all as described in the Restatement and Amendment of Declaration of Covenants, Conditions and Restrictions and Reservation of Easements recorded in Book 11894, page 121, Official Records; the Declaration of Covenants, Conditions and Restrictions recorded in Book 11963, page 889, Official Records and the Supplemental Declaration recorded in Book 12060, page 1153, Official Records.

Assessor's Parcel No: 811-331-03

# ALL-PURPOSE ACKNOWLEDGEMENT

State of California

County of Orange $\Big\}$ ss.

On March 4 2005 before me, M. Ensley

(DATE)                              (NOTARY)

personally appeared Eman Radwan

(SIGNER(S))

☐ personally known to me    - OR -    ☐ proved to me  on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

M. ENSLEY
Comm. # 1364476
NOTARY PUBLIC - CALIFORNIA
Orange County
My Comm. Expires April 30, 2009

WITNESS my hand and official seal.

NOTARY'S SIGNATURE

━━━━━ • OPTIONAL INFORMATION • ━━━━━

The information below is not required by law. However, it could prevent fraudulent attachment of this acknowledgement to an unauthorized document.

## CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
TITLE(S)

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

_____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)
_____
_____

## DESCRIPTION OF ATTACHED DOCUMENT

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT THUMBPRINT
OF
SIGNER

Top of thumbprint here

APA 5/99                    VALLEY-SIERRA, 800-362-3369

GOVERNMENT CODE 27361-7

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE NOTARY
ACKNOWLEDGEMENT
ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS
FOLLOWS:

NAME OF NOTARY: *M. Ensley*

DATE OF COMISSION EXPIRES: *4/30/06*

COUNTY IN WHICH BOND IS FILED: *ORANGE*

COMMISSION #: *1354475*

MANUFACTURER/VENDOR NO: *VSI 2*

DATE: *3/9/05*

FIDELITY NATIONAL TITLE

SANTA ANA, CA
PLACE OF EXECUTION

# EXHIBIT B

Sean C. Ferry (SBN 310347)
sferry@rasflaw.com
**ROBERTSON, ANSCHUTZ & SCHNEID**
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (561) 241-6901 ext. 2036 .

Attorneys for Creditor
PROF-2013-S3 LEGAL TITLE TRUST IV, BY
U.S. BANK NATIONAL ASSOCIATION, AS
LEGAL TITLE TRUSTEE

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Nabil Awan Ibrahim Radwan,<br><br>      Debtor(s). | Case No. 8:17-bk-10477-CB<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION**<br><br><u>SUBJECT PROPERTY:</u><br>27535 Almendra Street,<br>Mission Viejo, CA 92691<br><br><u>CONFIRMATION HEARING:</u><br>DATE:    April 13, 2017<br>TIME:    1:30 pm<br>PLACE:   411 W. Fourth St.,<br>         Santa Ana, CA 92701<br>CTRM:    5D<br>JUDGE:   Catherine E. Bauer |

PROF-2013-S3 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL

ASSOCIATION, AS LEGAL TITLE TRUSTEE, by and through its authorized loan servicing

agent, Fay Servicing, LLC (collectively the "<u>Creditor</u>"), secured creditor of the above-entitled

debtor, Nabil Awan Ibrahim Radwan ("<u>Debtor</u>"), hereby objects to confirmation of the Chapter

13 Plan filed by the Debtor in the above-referenced matter.    The basis of the objection is stated

below: [1]

---

[1] This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, & Schneid's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz, & Schneid,

# I.    STATEMENT OF FACTS[2]

On or about March 4, 2005, Debtor executed a promissory note in the original principal sum of $570,000.00 (the "<u>Note</u>") which was made payable to World Savings Bank ("<u>Lender</u>"). The Note was and remains secured by a recorded deed of trust (the "<u>Deed of Trust</u>") encumbering the real property located at 27535 Almendra Street, Mission Viejo, CA 92691 (the "<u>Subject Property</u>").  Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On February 9, 2016[7], Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned case number 8:17-bk-10477-CB.

On February 23, 2017, Debtor filed his Chapter 13 Plan ("<u>Plan</u>") which provides for Creditor's claim in Class 2. The Plan includes payments towards Creditor's claim; however, the figures used by the Debtor are inaccurate.  It is anticipated that Creditor's claim will show the pre-petition arrearage due to Creditor in the amount of $101,316.60, whereas the Plan proposes to pay only $67,500.00.

# II.    ARGUMENT

A.    <u>**DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED BY 11 U.S.C. §1322(b)(5)**</u>

Section 1325(a)(1) requires that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).  Section 1322(b)(5) requires that all chapter 13 plans must provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." Further, section 1322(b)(2) prohibits debtors from modifying the rights of secured creditor whose security interest is secured solely by the debtor's principal residence.

---

either expressly or impliedly through Robertson, Anschutz, & Schneid's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case.

OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION

1      In the present case, the major deficiency with Debtor's Plan is that it incorrectly asserts

2  the outstanding arrearage balance of Creditor's pre-petition claim.  Specifically, Debtor's Plan

3  states that Creditor's pre-petition arrears are only $67,500.00; however, Creditor anticipates[3] that

4  its claim will reflect pre-petition arrears in the amount of $101,316.60.  Accordingly, Debtor's

5  Plan fails to meet the requirements of section 1325(a)(1) because it does not provide to promptly

6  cure the __entire__ outstanding balance of Creditor's arrearage claim as required by section

7  1322(b)(5).  Based upon the foregoing, the Court should deny confirmation of the Debtor's Plan.

8  In the alternative, the Court should confirm the Plan with a provision stating the Debtor must

9  cure Creditor's entire pre-petition arrears, estimated in the amount of $101,316.60, in equal

10  monthly payments over a period of time not to exceed (60) months.

11      **WHEREFORE**, Creditor respectfully requests:

12          1.    That the Court deny confirmation of the Debtor's Plan;

13          2.    For such other and further relief as this court deems just and proper

14

15          Respectfully submitted,

16          **ROBERTSON, ANSCHUTZ & SCHNEID, P.L.**

17

18  Dated: March 30, 2017      /s/ _Sean C. Ferry_ (SBN 310347)
        SEAN C. FERRY

19          Attorneys for PROF-2013-S3 LEGAL TITLE
        TRUST IV, BY U.S. BANK NATIONAL

20          ASSOCIATION, AS LEGAL TITLE TRUSTEE

21

22

23

24

25

26

27  _____

28  [3] The deadline for filing a proof of claim is June 20, 2017.

                     - 3 -          CASE NO. 8:17-BK-10477-CB

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**

Case 8:17-bk-10477-CB    Doc 31    Filed 05/05/17    Entered 05/05/17 14:13:11    Desc
Case 8:17-bk-10477-CB    Claim 3    Filed 04/04/17    Desc Main Document    Page 31
Main Document    Page 3    of 2
    of 44

Case 8:17-bk-10477-CB    Doc 23    Filed 04/03/17    Entered 04/03/17 10:17:56    Desc
Main Document    Page 4 of 4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11622 El Camino Real, Suite 100
San Diego, CA 92130

A true and correct copy of the foregoing document entitled (specify): _____
OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION _____
_____

will be served or was served **(a) on the judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b) in the manner stated below:**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 04/03/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Charles W Daff (Debtor's Counsel): charleswdaff@gmail.com
Amrane Cohen (Trustee): efile@ch13ac.com
United States Trustee (SA): ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (date) 04/03/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Charles W Daff                          Nabil Awan Ibrahim Radwan
Law Offices of Charles W Daff           27535 Almendra Street
2107 N. Broadway, Suite 308             Mission Viejo, CA 92691
Santa Ana, CA 92706

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/3/2017 | Sean C. Ferry | /s/ Sean C. Ferry |
|---|---|---|
| Date | Printed Name | Signature |

_This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California._

                                                        **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT C

# FAY SERVICING

all income. You may obtain the Borrower Assistance Form at www.fayservicing.com and clicking the link, "Having Difficulty Making Payments" or by calling your personal Fay Servicing Account Manager at (800) 495-7166.

*If you have other types of income, cannot locate required documents, or have questions about the documentation required, please contact us at (800) 495-7166.*

If you are eligible for the Home Affordable Modification Program, we will look at your monthly income and housing costs, including any past due payments, and then determine an affordable mortgage payment. At first, you will make new, affordable monthly payments on your mortgage loan during a trial period. If you make those payments successfully and fulfill all trial period conditions, we will permanently modify your mortgage loan.

The modification may involve some or all of the following changes to your mortgage loan: 1) Bringing your account current; 2) Reducing the interest rate on your loan; 3) Extending the term of the loan; 4) Delaying your repayment of a portion of the mortgage principal until the end of the loan term; and/or 5) Potential principal forgiveness*.

*Subject to owner of the loan approval. Forgiveness of debt may have federal tax consequences. Consult with a tax professional.

### STEP 1: GATHER THE INFO WE NEED TO HELP YOU

To take advantage of options available to you, including the Home Affordable Modification Program, contact us as soon as possible at (800) 495-7166. To help speed the process, it will be helpful if you have the following information when you call:

- Loan number;
- Monthly pre-tax income of each borrower; and
- Information about any financial hardship you are suffering.

If you do not qualify for a loan modification under the Home Affordable Modification Program, or do not want to stay in your home or keep your rental property, we will work with you to explore other options available to help you keep your property or ease your transition to a new home, if applicable.

### STEP 2: CONTACT US

We want to make modifying your mortgage loan as easy as possible. However, you must take the first step by contacting us at (800) 495-7166. The longer you wait or the further you fall behind on payments, the more difficult it will be to find a solution.

**You may also submit your complete Borrower Assistance Package to one of the following locations:**

| Mail:<br>Attn: Applications<br>Fay Servicing, LLC<br>440 S. LaSalle, Suite 2000<br>Chicago, IL 60605 | Fax:<br>(312) 509-4794 | Email:<br>applications@fayservicing.com |
|---|---|---|

The following mailing address must be used for all Notices of Error and Information Requests submitted by mail:

Fay Servicing, LLC
901 S. 2nd Street, Suite 201
Springfield, IL 62704

The following email address must be used for all Notices of Error and Information Requests submitted via email:
Complaints@fayservicing.com

### IMPORTANT NOTICE: We want to help you avoid foreclosure scams.
#### Beware of Foreclosure Rescue Scams, Help is Free!

- There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

Fay Servicing is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. Our office hours are 8:00 AM to 9:00 PM Monday - Thursday, 8:30 AM to 5:00 PM Friday, & 10:00 AM to 4:00 PM Saturday Central Time. Call today: 1-800-495-7166. NMLS ID# 88244.

# FAY SERVICING

RETURN SERVICE ONLY
P.O. BOX 619063
DALLAS, TX 75261-9063

02/06/2017

8-775-05437-0000282-001-1-000-000-000-000
NABIL RADWAN
27535 ALMENDRA
MISSION VIEJO CA 92691-1703

Loan Number:      0000144702
Property Address: 27535 ALMENDRA
                  MISSION VIEJO  CA 92691

Dear Nabil Radwan:

If you are having difficulty making your mortgage payments, we may be able to assist you.  If you need help, you may qualify for the following options, subject to owner of the loan approval:

- Refinance your loan with us or another lender;
- Modify your loan terms with us;
- The Making Home Affordable Program (see below for important information regarding the MHA Programs); or
- Payment Forbearance, which temporarily gives you more time to make your monthly payment.

If you are not able to keep paying your mortgage, your best option may be to find more affordable housing.  As an alternative to foreclosure, the following non-retention options may be available to you, subject to owner of the loan approval:

- Sell your property and use the proceeds to pay off your current loan;
- Short Sale of the property, where the owner of the loan may accept less than the amount owed*; or
- Deed-in-Lieu of Foreclosure, whereby you deed the property to the owner of the loan in exchange for forgiveness of all or a portion of the loan*.

*Forgiveness of debt may have federal tax consequences.  Consult with a tax professional.

| REQUIRED INCOME DOCUMENTATION FOR ALL OPTIONS | | |
|---|---|---|
| Additional documentation may be required if income not supported | | |
| **Wage Earner** <br> • Last 2 paystubs; <br> • Last 2 months' bank statements; <br> • Last year's complete tax returns, including all schedules; and <br> • Last year's W2s. | **Self Employed** <br> • Year to Date Profit and Loss Statement from last tax return; <br> • Last year's complete tax returns (business and personal); and <br> • Last 2 months' bank statements (business and personal). | **Non-Taxable/Other Income** <br> • Award Letter/evidence of income; <br> • Last year's complete tax returns, if applicable; and <br> • Last 2 months' bank statements. |

For help exploring your options, the federal government provides contact information for housing counselors, which you can access by contacting the Consumer Financial Protection Bureau at http://www.consumerfinance.gov/find-a-housing-counselor/, the Department of Housing and Urban Development at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm, or by calling (800) 569-4287.

The Making Home Affordable Program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we - your mortgage servicer - and the Federal Government are working to offer you options to help you stay in your home.

You may be eligible for the Home Affordable Modification program, part of the initiative announced by President Obama to help homeowners.

As your mortgage loan servicer, we will work with you in an effort to make your mortgage payment affordable.  You will not pay any fees to take advantage of this opportunity to modify your mortgage loan payment and keep your property. *Now is the time to act.* We are ready to help you.

Here's how it works:  We will first determine if you are eligible based on your situation.  To conduct this evaluation, we need you to submit a complete Borrower Assistance Package consisting of a completed Borrower Assistance Form and documentary evidence of

Fay Servicing is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. Our office hours are 8:00 AM to 9:00 PM Monday - Thursday, 8:30 AM to 5:00 PM Friday, & 10:00 AM to 4:00 PM Saturday Central Time. Call today: 1-800-495-7166. NMLS ID# 88244.

- The time elapsed between payments to escrow and disbursement from escrow was shorter or longer than anticipated on your last Escrow Analysis Statement.

| MONTH | PAYMENTS PROJECTED | PAYMENTS ACTUAL | | DISBURSEMENTS PROJECTED | DISBURSEMENTS ACTUAL | | DESCRIPTION | ESCROW BALANCE PROJECTED | ESCROW BALANCE ACTUAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | BEGINNING BALANCE | 0.00 | -21,634.50 |
| 12/16 | | 183.00 | | | | | | 0.00 < | -21,451.50 < |
| 01/17 | | 21,608.34 | E | | E | | | 0.00 | 156.84 |
| 02/17 | | 679.50 | E | | E | | | 0.00 | 836.34 |
| TOTAL | $0.00 | $22,470.84 | | $0.00 | $0.00 | | | | |

NABIL RADWAN
27535 ALMENDRA
MISSION VIEJO CA  92691-1703

| | PRESENT PAYMENT | NEW PAYMENT effective 03/15/2017 |
|---|---|---|
| Principal & Interest | $3,364.11 | $3,371.98 |
| Escrow Payment | $1,234.44 | $688.27 |
| Escrow Shortage | $0.00 | $165.90 |
| Optional Insurance | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Total | $4,598.55 | $4,226.15 |

## ESCROW ANALYSIS STATEMENT

At least once every 12 months Fay Servicing analyzes your escrow account, in accordance with federal regulations, to ensure we collect sufficient funds to pay escrow items when they are due. The escrow account analysis below is an estimate of the activity that will occur in your escrow account over the next 12 months. The analysis will show if you currently have a shortage or overage in your account. This amount will be accounted for in your new monthly escrow payment unless there is an overage amount over $50. In this case, the full amount of the overage will be refunded to you.

### UNDERSTANDING YOUR MONTHLY ESCROW PAYMENT AMOUNT

**1. Projected Monthly Escrow Payment**

The section titled "Projected Escrow Activity for the Next 12 Months" is a schedule that represents all anticipated payments to and from escrow for the coming year. First, we take the total of all Projected Payments from Escrow (a) and divide it equally over 12 months to determine your Projected Monthly Escrow Payment: $8,259.24 / 12 months = $688.27.

**2. Escrow Surplus/Shortage**

The minimum escrow balance required in your account is known as the Required Low Point. This is noted as (b) under "Projected Escrow Activity for the Next 12 Months". The Required Low Point is set in accordance with your mortgage contract, state law or federal law. Mortgage Insurance, if any, is not included in the Required Low Point calculation. Next, we compare the Projected Low Point (c) to the Required Low Point (b) to determine the overage/surplus:
You have a shortage of $3,981.55 because the Projected Low Point of -$2,605.01 is less than the Required Low Point (b) of $1,376.54.
If you have a shortage greater than or equal to one month's escrow payment, your shortage will be spread over the next 24 monthly payments. You will need not take any further action.

**3. New Monthly Escrow Payment**

| | |
|---|---|
| Principal & Interest | $3,371.98 |
| Escrow Payment | $688.27 |
| Escrow Shortage | $165.90 |
| Optional Insurance | $0.00 |
| Other | $0.00 |
| Total | $4,226.15 |
| Effective Date | 03/15/2017 |

### PROJECTED ESCROW ACTIVITY FOR THE NEXT 12 MONTHS

| MONTH | PAYMENTS TO ESCROW | PAYMENTS FROM ESCROW | DESCRIPTION | PROJECTED BALANCE | REQUIRED BALANCE |
|---|---|---|---|---|---|
| | | | STARTING BALANCE | 836.34 | 4,817.89 |
| Mar-17 | 688.27 | 4,129.62 | COUNTY 2ND | (c) -2,605.01 | (b) 1,376.54 |
| Apr-17 | 688.27 | .00 | | -1,916.74 | 2,064.81 |
| May-17 | 688.27 | .00 | | -1,228.47 | 2,753.08 |
| Jun-17 | 688.27 | .00 | | -540.20 | 3,441.35 |
| Jul-17 | 688.27 | .00 | | 148.07 | 4,129.62 |
| Aug-17 | 688.27 | .00 | | 836.34 | 4,817.89 |
| Sep-17 | 688.27 | .00 | | 1,524.61 | 5,506.16 |
| Oct-17 | 688.27 | .00 | | 2,212.88 | 6,194.43 |
| Nov-17 | 688.27 | 4,129.62 | COUNTY 1ST | -1,228.47 | 2,753.08 |
| Dec-17 | 688.27 | .00 | | -540.20 | 3,441.35 |
| Jan-18 | 688.27 | .00 | | 148.07 | 4,129.62 |
| Feb-18 | 688.27 | .00 | | 836.34 | 4,817.89 |
| TOTAL | $8,259.24 | (a) $8,259.24 | | | |

## IMPORTANT MESSAGES

Fay Servicing is a debt collector and information you provide will be used to collect a debt. However, if you have filed for bankruptcy we will fully respect any applicable automatic stay, modification or discharge. Further, if you filed Chapter 7 Bankruptcy, received a discharge and this loan was not reaffirmed in the bankruptcy case, we will exercise on in rem rights as allowed under applicable law and will not attempt to collect, recover or offset the discharged debt as your personal liability. If your account is currently included in a Chapter 13 Bankruptcy, the escrow shortage at the time of filing will be spread over the life of the Bankruptcy. Any Shortage for the annual escrow analysis will comply with federal requirements. NMLS ID#88244



4/13/2017    Business Search - Business Entities - Business Programs | California Secretary of State

Case 8:17-bk-10477-CB    Doc 31    Filed 05/05/17    Entered 05/05/17 14:13:11    Desc
Case 8:17-bk-10477-CB    Main Document    Page 43 of 52    Main Document    Page 37
of 44

Alex Padilla
California Secretary of State

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, April 12, 2017. Please refer to document Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

| 200811910013    FAY SERVICING, LLC |
|---|

| | |
|---|---|
| Registration Date: | 04/25/2008 |
| Jurisdiction: | DELAWARE |
| Entity Type: | FOREIGN |
| Status: | ACTIVE |
| Agent for Service of Process: | REGISTERED AGENT SOLUTIONS, INC. (C2392069) * |
| Entity Address: | 440 S LASALLE ST 20TH FL CHICAGO IL 60605 |
| Entity Mailing Address: | 440 S LASALLE ST 20TH FL CHICAGO IL 60605 |
| LLC Management | |

A Statement of Information is due EVERY EVEN-NUMBERED year beginning five months before and through the end of April.

| Document Type | ⇅ File Date | ⬆ PDF |
|---|---|---|
| SI-COMPLETE | 04/08/2016 | |
| SI-COMPLETE | 04/24/2014 | |

* Indicates the information is not contained in the California Secretary of State's database.

Note: If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- If the image of a Statement of Information is not available online, for information on ordering a copy of that statement refer to Information Requests.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search, such as a filing that is not a Statement of Information or filings for other types of business entities, or to request a more extensive search for records, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Frequently Asked Questions.

**Modify Search**     **New Search**     **Back to Search Results**

State of California

**Secretary of State**

118

**STATEMENT OF INFORMATION**
(Limited Liability Company)

Filing Fee $20.00. If this is an amendment, see instructions.

IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

1. LIMITED LIABILITY COMPANY NAME

FAY SERVICING, LLC

**FILED**
Secretary of State
State of California

APR 0 8 2016

This Space For Filing Use Only

File Number and State or Place of Organization

| 2. SECRETARY OF STATE FILE NUMBER | 3. STATE OR PLACE OF ORGANIZATION (if formed outside of California) |
|---|---|
| 200811910013 | DELAWARE |

No Change Statement

4. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no Statement of Information has been previously filed, this form must be completed in its entirety.

If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 15. ☐

Complete Addresses for the Following (Do not abbreviate the name of the city. Items 5 and 7 cannot be P.O. Boxes.)

| 5. STREET ADDRESS OF PRINCIPAL OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 440 S. LASALLE ST, 20TH FLOOR | CHICAGO | IL | 60605 |

| 6. MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 7. STREET ADDRESS OF CALIFORNIA OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

Name and Complete Address of the Chief Executive Officer, If Any

| 8. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

Name and Complete Address of Any Manager or Managers, or if None Have Been Appointed or Elected, Provide the Name and Address of Each Member. (Attach additional pages, if necessary.)

| 9. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| EDWARD J. FAY | 440 S. LASALLE ST, SUITE 2000 | CHICAGO | IL | 60605 |

| 10. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

Agent for Service of Process. If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O. Box is not acceptable. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

12. NAME OF AGENT FOR SERVICE OF PROCESS
REGISTERED AGENT SOLUTIONS, INC. (1292)

| 13. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

Type of Business

14. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY

RESIDENTIAL MORTGAGE LENDER-SERVICER

15. THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |
|---|---|---|---|
| 04/08/2016 | TRISHA ROSANO / REGISTERED AGENT SOLUTIONS, INC. AUTHORIZED REPRESENTATIVE | | |

LLC-12 (REV 01/2014)    APPROVED BY SECRETARY OF STATE

4/13/2017      Case 8:17-bk-10477-CB   Doc 31   Filed 05/05/17   Entered 05/05/17 14:13:11   Desc
Case 8:17-bk-10477-CB   Main Document   Page 45 of 52   Main Document   Page 39
of 44

Alex Padilla
California Secretary of State

# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, April 12, 2017. Please refer to document Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

---

**C2392089   REGISTERED AGENT SOLUTIONS, INC.**

---

| | |
|---|---|
| Registration Date: | 03/01/2002 |
| Jurisdiction: | CALIFORNIA |
| Entity Type: | DOMESTIC STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | RICARDO OROZCO |
| | 1220 S ST STE 150 |
| | SACRAMENTO CA 95811 |
| Entity Address: | 1701 DIRECTORS BLVD STE 300 |
| | AUSTIN TX 78744 |
| Entity Mailing Address: | 1701 DIRECTORS BLVD STE 300 |
| | AUSTIN TX 78744 |

A Statement of Information is due EVERY year beginning five months before and through the end of March.

| Document Type | File Date | PDF |
|---|---|---|
| SI-COMPLETE | 12/13/2016 | |
| SI-COMPLETE | 11/23/2016 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- If the image of a Statement of Information is not available online, for information on ordering a copy of that statement refer to Information Requests.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search such as a filing that is not a Statement of Information or filings for other types of business entities, or to request a more extensive search for records, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Frequently Asked Questions.

**Modify Search     New Search     Back to Search Results**

16-643510

## Secretary of State
## Statement of Information
(California Stock, Agricultural
Cooperative and Foreign Corporations)

SI-550

**FILED**
Secretary of State
State of California

**DEC 13 2016**

**IMPORTANT — Read instructions before completing this form.**

**Fees (Filing plus Disclosure) – $25.00;**

**Copy Fees – First page $1.00; each attachment page $0.50;**
Certification Fee - $5.00 plus copy fees

This Space For Office Use Only

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)

REGISTERED AGENT SOLUTIONS, INC.

**2. 7-Digit Secretary of State File Number**

C2392069

**3. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Executive Office - Do not list a P.O. Box<br>1701 Directors Blvd, Suite 300 | Austin | TX | 78744 |
| b. Mailing Address of Corporation, if different than Item 3a | City (no abbreviations) | State | Zip Code |
| c. Street Address of Principal California Office, if any and if different than Item 3a - Do not list a P.O. Box<br>1220 S Street, Suite 150 | City (no abbreviations)<br>Sacramento | State<br>CA | Zip Code<br>95811 |

**4. Officers**

The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| a. Chief Executive Officer/ | Sean | M. | Prewitt | |
| Address<br>1701 Directors Blvd, Suite 300 | City (no abbreviations) Austin | | State TX | Zip Code 78744 |
| b. Secretary | Ricardo | | Orozco | |
| Address<br>1701 Directors Blvd, Suite 300 | City (no abbreviations) Austin | | State TX | Zip Code 78744 |
| c. Chief Financial Officer/ | Sean | M. | Prewitt | |
| Address<br>1701 Directors Blvd, Suite 300 | City (no abbreviations) Austin | | State TX | Zip Code 78744 |

**5. Director(s)**

California Stock and Agricultural Cooperative Corporations ONLY: Item 5a: At least one name **and** address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| a. First Name | Ricardo | | Orozco | |
| Address<br>1701 Directors Blvd, Suite 300 | City (no abbreviations) Austin | | State TX | Zip Code 78744 |
| b. Number of Vacancies on the Board of Directors, if any | | | | |

**6. Agent for Service of Process**

Item 6a and 6b: If the agent is an individual, the agent must reside in California and Item 6a and 6b must be completed with the agent's name and California address. Item 6c: If the agent is a California Registered Corporate Agent, a current agent registration certificate must be on file with the California Secretary of State and Item 6c must be completed (leave Item 6a-6b blank).

| | Middle Name | Last Name | Suffix |
|---|---|---|---|
| a. California Agent's First Name (if agent is not a corporation)<br>Ricardo | | Orozco | |
| b. Street Address (if agent is not a corporation) - Do not list a P.O. Box<br>1220 S Street, Suite 150 | City (no abbreviations)<br>Sacramento | State<br>CA | Zip Code<br>95811 |
| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b | | | |

**7. Type of Business**

Describe the type of business or services of the Corporation
Registered agent and related services

**8. The information contained herein, including in any attachments, is true and correct.**

| 12/13/2016 | Ricardo Orozco | Secretary | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 11/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

16-643510

| **Attachment to** **Statement of Information** (California Stock and Agricultural Cooperative Corporations) | **SI-550A Attachment** |
|---|---|

**A.  Corporation Name**

REGISTERED AGENT SOLUTIONS, INC.

**B.  7-Digit Secretary of State File Number**

C2392069

This Space For Office Use Only

**C.  List of Additional Director(s)** – If the corporation has more than one director, enter the additional directors' names and addresses.

| 5b.  First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Sean | M. | Prewitt | | |
| Address | City (no abbreviations) | | State | Zip Code |
| 1701 Directors Blvd, Suite 300 | Austin | | TX | 78744 |
| 5c.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5d.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5e.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5f.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5g.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5h.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5i.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |
| 5j.  First Name | Middle Name | Last Name | | Suffix |
| | | | | |
| Address | City (no abbreviations) | | State | Zip Code |
| | | | | |

4/13/2017

Case 8:17-bk-10477-CB   Doc 31   Filed 05/05/17   Entered 05/05/17 14:13:11   Desc
Case 8:17-bk-10477-CB   Main Document   Page 42
of 44

## U.S. Bank National Association (FDIC # 6548)

**Active Insured Since January 1, 1934**

Data as of: April 5, 2017

**U.S. Bank National Association** is an active bank

| | |
|---|---|
| FDIC Certificate#: | **6548** |
| Headquarters: | 425 Walnut Street |
| | Cincinnati, OH 45202 |
| | Hamilton County |
| Locations: | **3216 domestic in 28 states,** |
| | **0 in territories, and 1 in foreign locations** |
| Established: | July 13, 1863 |
| Insured: | January 1, 1934 |
| Bank Charter Class: | National Bank |
| Regulated By: | Office of the Comptroller of the Currency |
| Corporate Website: | |
| http://www.usbank.com | |
| Consumer Assistance: | |
| http://www.helpwithmybank.gov | |
| Contact the FDIC about: | |
| U.S. Bank National Association | |

| _ocations_ | History | Identifications | Financials | Other Names / Websites |
|---|---|---|---|---|

**Showing 1 to 25 of 3,217 entries**

| UNINUM | Number | Name | Address | County | City | State | Zip | Service Type | Established Date | Acquired Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 207514 | 795 | Cayman Island Branch (Frgn) | Bank Of Nova Scotia Trust Company | | Georgetown | | | Full Service Brick and Mortar Office | 04/30/1981 | 10/15/1999 |
| 189276 | 873 | Alma Branch | 115 Highway 64 West | Crawford | Alma | AR | 72921 | Full Service Brick and Mortar Office | 10/31/1988 | 03/07/2000 |
| 8498 | 890 | Arkadelphia Main Street Branch | 526 Main Street | Clark | Arkadelphia | AR | 71923 | Full Service Brick and Mortar Office | 08/01/1911 | 03/07/2000 |
| 229699 | 891 | West Pine Branch | 2701 Pine Street | Clark | Arkadelphia | AR | 71923 | Full Service Brick and Mortar Office | 02/21/1974 | 03/07/2000 |
| 180986 | 893 | Bismarck Branch | 6677 Highway 7 | Hot Spring | Bismarck | AR | 71929 | Full Service Brick and Mortar Office | 07/25/1995 | 03/07/2000 |
| 180991 | 896 | Bryant Branch | 100 Commerce St. | Saline | Bryant | AR | 72022 | Full Service Brick and Mortar Office | 07/01/1997 | 03/07/2000 |
| 44058 | 865 | Conway Main Branch | 1122 Van Ronkle Street | Faulkner | Conway | AR | 72032 | Full Service Brick and Mortar Office | 01/01/1960 | 03/07/2000 |
| 283848 | 866 | Conway West Branch | 2620 Prince Street | Faulkner | Conway | AR | 72032 | Full Service Brick and Mortar Office | 01/01/1960 | 03/07/2000 |
| 14637 | 879 | Flippin Branch | Fourth And Main Streets | Marion | Flippin | AR | 72634 | Full Service Brick and Mortar Office | 07/23/1973 | 03/07/2000 |
| 256975 | 869 | Greers Ferry Branch | 8635 Edgemont Road | Cleburne | Greers Ferry | AR | 72067 | Full Service Brick and Mortar Office | 04/16/1984 | 03/07/2000 |

| In re: | CHAPTER: 13 |
|---|---|
| **Nabil Awan Ibrahim Radwan** | |
| Debtor(s). | CASE NUMBER: 8:17-bk-10477 CB |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**2107 N. Broadway**
**Suite 308**
**Santa Ana, CA 92706**

A true and correct copy of the foregoing document entitled (specify): __**Proof of Claim with Proof of Service**__ will be served or
was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On __04/14/17__, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:
  Amrane (SA) Cohen (TR)    efile@ch13ac.com
**Charles W Daff**    charleswdaff@gmail.com
**Sean C Ferry**    sferry@rasflaw.com, seanferry7@gmail.com;bkyecf@rasflaw.com;ras@ecf.courtdrive.com
**Can Guner**    cguner@rasmonitor.com, bkyecf@rasflaw.com;courtdrive@rasflaw.com;ras@ecf.courtdrive.com
**United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On __04/14/17__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each
person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/14/17 | Charles W. Daff 76178 | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**

PROOF OF SERVICE
ATTACHMENT
Nabil Radwan
8:17-bk-10477 CB

CEO
Fay Servicing LLC
939 W North Ave., Suite 680
Chicago, IL. 60642

CEO
Fay Servicing, LLC
440 S LaSalle St., 20th  Floor
Chicago, IL 60605

Edward J Fay
Fay Servicing, LLC
440 S LaSalle St., 20th Floor
Chicago, IL 60605

Ricardo Orozco
Agent for Service
Fay Servicing LLC
1220 S Street, Suite 150
Sacramento, Ca. 95811

CEO
US Bank National Association
425 Walnut Street
Cincinnati, OH 45202

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**2107 N. Broadway**
**Suite 308**
**Santa Ana, CA 92706**

A true and correct copy of the foregoing document entitled (*specify*): __NOTICE OF OBJECTION TO CLAIM  WITH PROOF OF
SERVICE AND DEBTOR'S MOTION FOR ORDER TO DISALLOW CLAIM AND DECLARATION IN SUPPORT THEREOF RE: FAY
SERVICING LLC/US BANK NATIONAL ASSOCIATION WITH PROOF OF SERVICE__   will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On __05/05/17__, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:
   Amrane (SA) Cohen (TR)    efile@ch13ac.com
**Charles W Daff**    charleswdaff@gmail.com
**Sean C Ferry**    sferry@rasflaw.com, seanferry7@gmail.com;bkyecf@rasflaw.com;ras@ecf.courtdrive.com
**Can Guner**    cguner@rasmonitor.com, bkyecf@rasflaw.com;courtdrive@rasflaw.com;ras@ecf.courtdrive.com
**United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On __05/05/17__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.
 **HON. CATHERINE BAUER, US BANKRUPTCY JUDGE, 411 W FOURTH ST., SANTA ANA, CA. 92701**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 05/05/17 | Charles W. Daff 76178 | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2012                                        *Page 2*                          **F 3007-1.1.NOTICE.OBJ.CLAIM**

PROOF OF SERVICE
ATTACHMENT
Nabil Radwan
8:17-bk-10477 CB

CEO
Fay Servicing LLC
939 W North Ave., Suite 680
Chicago, IL. 60642

CEO
Fay Servicing, LLC
440 S LaSalle St., 20th  Floor
Chicago, IL 60605

Edward J Fay
Fay Servicing, LLC
440 S LaSalle St., 20th Floor
Chicago, IL 60605

Ricardo Orozco
Agent for Service
Fay Servicing LLC
1220 S Street, Suite 150
Sacramento, Ca. 95811

CEO                               Certified Mail
US Bank National Association      91 7199 9991 7032 7382 3450
425 Walnut Street
Cincinnati, OH 45202